# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joanne Sobol,                        :
                Petitioner         :
                                        :
        v.                   :   No. 799 C.D. 2021
                                        :   Submitted: January 28, 2022
                                        :
Select Medical Corporation           :
(Workers' Compensation Appeal        :
Board),                              :
                Respondent       :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                          FILED: May 18, 2022


Joanne Sobol (Claimant) petitions this Court for review of the June 22, 2021 order of the Workers' Compensation Appeal Board (Board), which affirmed a decision of a workers' compensation judge (WCJ) modifying Claimant's workers' compensation (WC) benefits based on the results of an impairment rating evaluation (IRE) conducted pursuant to Section 306(a.3) of the Workers' Compensation Act (Act).[1] Claimant argues that Act 111 is unconstitutional, as it applies to work injuries

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3. Section 306(a.3)(1) of the Act requires that an employee who has received total disability compensation for 104 weeks submit to an IRE pursuant to the American Medical Association's "Guides to the Evaluation of Permanent Impairment," 6th edition (second printing April 2009) (AMA Guides), for the purpose of determining his degree of whole body impairment (WBI) due to the compensable injury. 77 P.S. § 511.3(1). If the IRE results in a WBI that is less than 35%, the employee shall receive partial disability benefits under Section 306(b) of the Act. 77 P.S. § 511.3(2). Section 306(b)(1) of the Act limits a claimant's receipt of partial disability benefits to 500 weeks. 77 P.S. § 512(1).

sustained prior to Act 111's effective date. After review, we affirm the Board's order.

## I. Background

The underlying facts in this case are not in dispute. On December 1, 2016, Claimant sustained a work injury while employed as a nurse for Select Medical Corporation (Employer). Certified Record (C.R.), Item No. 16, July 24, 2018, Hearing Transcript at 11. Employer acknowledged liability for the work injury, described as a right shoulder injury,[2] through issuance of a Notice of Compensation Payable (NCP). C.R., Item No. 2, Petition to Modify Compensation Benefits.

Following a January 22, 2020 IRE performed in accordance with the 6th Edition (second printing) of the AMA Guides, which assigned Claimant a WBI of 6%, Employer filed a petition to modify Claimant's total disability benefits, pursuant to Section 306(a.3) of the Act. C.R., Item No. 2. In her answer, Claimant asserted that Act 111 is unconstitutional.[3] *Id.* Based on the January 22, 2020 IRE, the WCJ granted Employer's petition and modified Claimant's benefits from total to partial disability, effective January 22, 2020. Decision and Order of the WCJ, Conclusions of Law (COL) ¶ 2. The WCJ declined to address Claimant's constitutional challenge to Act 111, but noted that it was preserved for appeal. COL ¶ 4. Claimant appealed

---

[2] The description of Claimant's work injury was later expanded to include a right shoulder rotator cuff tear, biceps tear, labral tear, impingement bursitis, and distal clavicle arthrosis. C.R., Item No. 26, WCJ Decision, 3/19/2019, F.F. Nos. 7, 16.

[3] Claimant also filed a review petition in which she argued that Employer failed to request an IRE within 60 days of Claimant's receipt of total disability benefits, as provided in Section 306(a.3)(1) of the Act. The WCJ noted in his October 27, 2020 decision that Claimant appeared to abandon that argument, as she failed to brief the issue and did not reference it in her demand for relief. C.R., Item No. 8, WCJ Decision, F.F. No. 10. Accordingly, the WCJ denied and dismissed Claimant's review petition. WCJ Decision at 7. Claimant did not appeal this part of the WCJ's decision.

to the Board, which affirmed, noting that the constitutionality of Act 111 had been upheld by this Court in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021), *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), and *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed August 18, 2020). Opinion and Order of the Board at 6-7. This appeal followed.[4]

## II. Issue

On appeal, Claimant argues that Act 111 is unconstitutional when applied retroactively to work injuries sustained before its enactment.[5]

## III. Discussion

The General Assembly enacted Act 111 in response to *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 830 (Pa.

---

[4] Our standard of review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lehigh Specialty Melting, Inc. v. Workers' Comp. Appeal Bd. (Bosco)*, 260 A.3d 1053, 1058 n.3 (Pa. Cmwlth. 2021).

[5] We have consolidated Claimant's three issues raised in her principal brief, as all three relate to the constitutionality of Act 111. While the questions Claimant presents also implicate the constitutionality of the Sixth Edition of the AMA Guides, she has not otherwise developed this issue. This Court will not consider the merits of an issue that is not properly raised and developed in a brief. *Am. Rock Mech., Inc. v. Workers' Comp. Appeal Bd. (Bik & Lehigh Concrete Tech.)*, 881 A.2d 54, 56 (Pa. Cmwlth. 2005). Accordingly, we will not further address the constitutionality of the Sixth Edition of the AMA Guides.

Claimant also suggests that the retroactive scope of Section 306(a.3) is such that it could apply to injuries sustained prior to the effective date of former Section 306(a.2), which was added by the Act of June 24, 1996, P.L. 350, No. 57 (Act 57), *formerly* 77 P.S. § 511.2, and repealed by Act 111. Given that Claimant sustained her work injury on December 1, 2016, the issue of whether the IRE provisions in Act 111 are applicable to a work injury occurring prior to June 24, 1996, is not before this Court.

2017), in which our Supreme Court struck down former Section 306(a.2) of the Act as an unconstitutional delegation of legislative authority, as it simply provided that an IRE would be conducted pursuant to "the most recent edition" of the AMA Guides. Section 306(a.3) largely reenacted the provisions contained in former Section 306(a.2); however, it provides that an IRE should be conducted in accordance with the Sixth Edition (second printing) of the AMA Guides. *Id.*

Claimant argues that Act 111 is constitutionally defective, as its provisions may be applied retroactively to work injuries sustained prior to their effective date, thus altering a claimant's "vested right" to receive benefits under the Act. Claimant suggests that the IRE provisions of Section 306(a.3) are only triggered by the payment of total disability benefits after the effective date of Act 111.

This Court has previously addressed, and rejected, the arguments Claimant has raised. In *Rose Corporation*, we recognized that "[t]he plain language of Section 3 [of Act 111] evidence[d] legislative intent to give effect, **after** the passage of Act 111, to these weeks of [total and partial disability] compensation, although they were paid before the passage of Act 111." *Rose Corp.*, 238 A.3d at 562 (emphasis in original).

In *Pierson*, as here, the claimant argued that the application of Act 111 to an injury sustained prior to its enactment deprived him of his vested rights to WC benefits. *Id.* We disagreed, holding that it was "clear that the General Assembly intended for the 104-week and credit weeks provisions of Act 111 to be given retroactive effect." *Id.* at 1180. Furthermore, we explained that the claimant's vested rights were not affected by the legislation, because "there are reasonable expectations under the Act that benefits may change." *Id.* at 1177. *See also Hender-Moody v. Am. Heritage Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth.,

4

No. 166 C.D. 2021, filed Feb. 15, 2022), *pet. for allowance of appeal filed* (Pa., No. 127 MAL 2022) (holding that the retroactive application of Act 111 to a pre-enactment injury "did not automatically change [the c]laimant's disability status or otherwise deprive her of vested rights under Act").[6]

Claimant makes no attempt to distinguish the facts in the instant matter from the precedents discussed above.  Accordingly, we affirm the Board.

_____
ELLEN CEISLER, Judge

---

[6] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value.  210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joanne Sobol,                 :
            Petitioner        :
                                  :
       v.                      :   No. 799 C.D. 2021
                                  :
Select Medical Corporation     :
(Workers' Compensation Appeal   :
Board),                            :
            Respondent     :

## **O R D E R**

AND NOW, this 18ᵗʰ day of May, 2022, the order of the Workers' Compensation Appeal Board, dated June 22, 2021, is hereby AFFIRMED.

 

_____
ELLEN CEISLER, Judge